UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SOTO, RAMIRO ORTEGA, MARIA S. HERNANDEZ AND YESENIA R. HERNANDEZ, individually and as alter egos of business entity PUERTO VALLARTA, INC.,<br><br>Defendant. | Case No. 4:13-cv-00062-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is the motion of defendants Jose Soto, Ramiro Oretega, Yesenia R. Hernandez, and Puerto Vallarta, Inc. (hereinafter "Puerto Vallarta defendants"), for attorney fees and costs against plaintiff Joe Hand Promotions, Inc. (hereinafter "Joe Hand")

## BACKGROUND

Joe Hand sued Puerto Vallarta defendants for common-law conversion and under 47 U.S.C. §§ 553 and 605 for the unauthorized showing of *Ultimate Fighting Championship 128: Mauricio Rua v. Jon Jones* on March 19, 2011. *Compl.* ¶¶ 9-25. Joe Hand sought compensatory and punitive damages, statutory damages pursuant to 47

U.S.C. § 553(c)(3)(A) and § 605(e)(3)(C)(ii), as well as attorney fees and costs under § 553(c)(2)(C) and § 605(e)(3)(B)(iii). *Id.*

Trial was set for June, 2014. Dkt. 21. A month before trial, Puerto Vallarta defendants filed a Motion in Limine to exclude all witnesses and exhibits not properly disclosed by Joe Hand pursuant to the July 22, 2013 Scheduling Order. Dkt. 22. The Court granted the motion. Dkt. 26. The parties then entered into a stipulation of dismissal, and the case was dismissed in its entirety with prejudice. Dkt. 29.

Puerto Vallarta defendants now move for $9,730.00 in attorney fees and $587.00 in costs pursuant to FRCP 54 and 47 U.S.C. § 605(e)(3)(B)(iii) and § 553(c)(2)(C). *Def.'s Mot.* at 1, Dkt. 30.

## ANALYSIS

Under both 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii), awards of attorney fees are limited to "an aggrieved party who prevails." Other districts have determined that a defendant is not an "aggrieved party" within the meaning of the statutes and that nothing within the Cable Act statutes authorizes an award of attorney fees to a prevailing defendant. *VJC Productions., Inc. v. Kydes*, 903 F. Supp. 42, 43 (S.D. Ga. 1995); *Kingvision Pay-Per-View, Ltd. v. Manente*, 1:05CV00280 OWW SMS, 2006 WL 120141 (E.D. Cal. Jan. 12, 2006); *Joe Hand Promotions, Inc. v. Nekos*, 96-CV-706 (FJS), 1998 WL 238619 (N.D.N.Y. May 5, 1998). As reasoned by the court in *VJC Productions*:

> Having authored a "two-way street" fee-shifting statute in the past, 42 U.S.C. § 1988, Congress certainly knew how to enact the same component in 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii). "Where Congress knows how to say something but chooses not to, its silence is controlling."

> In re Haas, 48 F.3d 1153, 1156 (11th Cir.1995). By limiting these Cable
> Communications Policy Act fee-shifting statutes to an "aggrieved" party,
> rather than a mere "prevailing" party (under which a defendant may recover
> fees under 42 U.S.C. § 1988), Congress signaled its intention not to
> authorize fee awards for defendants in Cable Act cases.

903 F. Supp. at 43-44. The Court agrees with the reasoning in *VJC Productions* and, likewise, holds that 47 U.S.C. § 553(c)(2)(C) and § 605(E)(3)(B)(iii) do not authorize an award of attorney fees to a prevailing defendant.

The remaining issue is whether this court should award attorney fees and costs under Fed. Rule Civ. P. 54. "It is a general rule in the United States that in absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415, 98 S.Ct. 694, 54 L. Ed. 2d 648 (1978). However, the court has the inherent power to award attorney fees "[w]hen a losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Puerto Vallarta defendants seem to assert that attorney fees should be awarded because the case was ultimately dismissed due to plaintiff's failure to comply with the court's scheduling order. *Def. Mot.* at 2, Dkt. 30.

However, for the court to award attorney fees under its inherent power, the court must make a finding of bad faith. *Primus*, 115 F.3d at 649. Bad faith requires proof that the misconduct at issue was both entirely without merit and motivated by some improper purpose. Derfner & Wolf, Court Awarded Attorney Fees §4.02[1] (2012); *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 211-212 (5th Cir. 1998). The Court finds that the

facts alleged by Puerto Vallarta defendants are insufficient to prove bad faith, as there is no indication of improper motive on behalf of the plaintiff. Therefore, the Court declines to award attorney fees to Puerto Vallarta defendants.[1]

Additionally, Puerto Vallarta defendants are not entitled to the $587.00 in "costs" they claim for computer-assisted legal research expenses. *See Def. Mot.* at 2, Dkt. 30. The court's power to award costs under Fed. R. Civ. P. 54(d) is limited to the costs specifically enumerated under 28 U.S.C. § 1920. *See Crawford Fittings Co. v. J.T. Gibbons, Inc.*, 402 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L. Ed. 2d 385 (1987). Section 1920 does not include any reference to computer-assisted research expenses, therefore, the Puerto Vallarta defendants' request for costs is denied.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Attorney Fees (Dkt. 30) is **DENIED**.

---

[1] The Court should only exercise its inherent power to award attorney fees in exceptional circumstances. *Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 167, 59 S. Ct. 777, 83 L.Ed. 1184 (1939). This is not to say that attorney's fees would not have been appropriate under Fed. Rule Civ. P. 11, but that issue is not before the Court.



DATED: October 2, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court